The TRAVELERS INSURANCE COM-
PANY, C. Itoh & Company
(America), Inc., Plaintiffs,

v.

S/S DJATISARI, S/S HADJI AGUS
SALIM, S/S RATULANGIE, S/S DJA-
TIPRANA, their engines, boilers, tack-
les, etc., P.T. Djakarta Lloyd, Jakarta
Lloyd P.T. Perusahanna Pelayaran
Samudra, Defendants.

No. 82 Civ. 2766 (JES).

United States District Court,
S.D. New York.

Dec. 7, 1983.

Harold M. Kingsley, New York City, for plaintiffs; Randall D. Pratt, New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for defendants; Robert J. Gruendel, New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

Plaintiff, Travelers Insurance Co., moves for summary judgment against defendant shipowner, P.T. Djakarta Lloyd, in the amount of $9,190.77, representing the un-liquidated balance plus interest of an agreed upon settlement of $11,108.43.

The underlying cause of action which was settled by the parties arose from ma-rine damage to cargo carried by defend-ant's vessels which resulted in plaintiff be-ing compelled to pay claims to its insureds. There is no dispute as to defendant's liabili-ty on the settlement, since defendant ad-mits having agreed to it.

 In opposing plaintiff's motion, de-fendant claims that summary judgment is inappropriate because plaintiff accepted and negotiated drafts tendered by defend-ant in accordance with a payment schedule, and thereby agreed that payment should be made in accordance with that schedule. However, where, as here, there is no factu-al dispute as to the existence and amount of an agreed settlement, summary judg-ment may properly be granted notwith-standing the existence of a payment sched-ule. *Aetna Insurance Co. et al. v. S/S Coban, et al.*, 81 Civ. 4089 (HFW).

Furthermore, in this case, the facts alleged are insufficient to establish that plaintiff had entered into an agreement to be bound by the payment schedule. Indeed, it is more reasonable to conclude that plaintiff deposited defendants' checks in partial satisfaction of past due sums owed under this settlement.

In any event, plaintiff is still entitled to summary judgment because defendant's tender of an unsigned check in March 1983 and the sending of a letter by its agents on April 29, 1983 expressing an inability to make a payment in April 1983, as a matter of law constituted a breach and repudiation of the alleged agreement which relieved plaintiff from any and all obligations thereunder.

Accordingly, plaintiff is granted summary judgment in the amount of $9,190.77 plus costs. Plaintiff is directed to submit a judgment to the Court within ten days.

It is SO ORDERED.